CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER WILSON,<br>    Plaintiff, | )<br>) Civil Action Nos. 7:25-cv-00216<br>) |
| v. | )<br>) By: Elizabeth K. Dillon |
| ERIC BRANSCOMB, *et al.*,<br>    Defendants. | ) Chief United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Wilson, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1.)  This matter is before the court for review pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the court concludes that Wilson has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted)

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.

*See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Wilson's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The allegations in Wilson's complaint are sparse. He alleges that he was "convicted of attempted arson by extrinsic fraud, bribed [perjured] testimony" directed by Eric Branscomb, a Commonwealth's Attorney. (Compl. at 2.) Wilson also states that he was charged with trespassing based on perjured testimony from a confidential informant. Plaintiff asks to be released from jail and for "lost wages damages to good name." (*Id.* at 3.) If Wilson is trying to pursue a collateral attack on an unspecified criminal conviction in an attempt to secure his release from prison, a § 1983 action is not the correct vehicle for such a pursuit. A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement. To the extent that plaintiff seeks damages due to a conviction that was secured by fraud, his complaint calls into question the validity of his conviction. Because plaintiff does not allege that this conviction has been reversed or otherwise invalidated, his claim is not cognizable under § 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See Platts v. Buchanan*, Civil Action No. 12-1788, 2013 WL 4810486, *6 (W.D. Penn. Sept. 9, 2013) (dismissing claim pursuant to *Heck* based on allegations that plaintiff's "indictment before the grand jury was obtained by fraud, because the evidence presented to the grand jury, which was also provided at trial, was perjurious, and this allegation necessarily calls into question the validity of his conviction"). Given that Wilson provides no information about an appeal of his conviction, the court declines to stay this matter pending any attempt to invalidate his conviction in state court.

Accordingly, it is hereby ORDERED that this 42 U.S.C. § 1983 action is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Wilson's claims are dismissed without prejudice. It is further ORDERED that the Clerk shall STRIKE this case from the active docket of the court. The Clerk shall transmit a copy of this memorandum opinion and order to Wilson.

Entered: May 6, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge